UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ERICK M. M., | Case No. 26-cv-408 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, *Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

---

David L Wilson and Molly Kathleen McKinsey, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Liles Harvey Repp, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Erick M. M. is a native and citizen of Venezuela who entered the United States without inspection and is currently in removal proceedings. ECF No. 1 ¶¶ 38–39. Erick M. M. filed a verified petition for a writ of habeas corpus alleging that he was arrested

by immigration officials on January 14, 2026,[1] and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 42–44, 46. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 31. Erick M. M. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), *id.* ¶¶ 20, 68, but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.* ¶ 79. He further asserts that the Government has not, to date, presented him with an administrative warrant justifying his detention under 8 U.S.C. § 1226(a), which he argues requires his immediate release from custody. *See id.* ¶¶ 1, 43, 76.

The Court ordered the Government to answer the petition no later than January 22, 2026. ECF No. 3. The Court noted that it has already found similarly situated noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See id.* at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)).

The Government timely responded and agrees with Erick M. M. that his case is not legally or factually distinguishable from those this Court has already decided. ECF No. 5. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila*

---

[1] In its response to Erick M. M.'s petition, the Government asserts that Erick M. M. was detained on December 24, 2025. ECF No. 5 at 3. The Government agrees, though, that the date of Erick M. M.'s arrest does not affect the Court's legal analysis.

CASE 0:26-cv-00408-LMP-DLM   Doc. 6   Filed 01/23/26   Page 3 of 4

*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)] and respectfully request that the Court preserve those arguments for any appeal in this case." *Id.* at 2. Given the Government's candid acknowledgement that the issues raised are not distinguishable from those addressed in this Court's prior decisions, the Court concludes that Erick M. M. is not subject to the provisions of Section 1225(b)(2) and is instead subject to the provisions of Section 1226(a) for the same reasons articulated in this Court's prior orders. *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3.

The Government did not, however, address Erick M. M.'s related argument that if he is subject to the provisions of Section 1226(a), the proper remedy is his immediate release from custody because the Government has not presented Erick M. M. with an administrative warrant justifying his detention. ECF No. 1 at 29 (listing in its Prayer for Relief an order that Erick M. M. be released immediately because he was detained without a warrant of arrest, a Form I-200). In *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026), this Court agreed with other judges in this District in concluding that immediate release is the proper habeas remedy for such a violation. Accordingly, because the Government does not assert any argument that it has provided Erick M. M. with a warrant or advance any argument that justifies Erick M. M.'s detention under Section 1226(a) without one, the Court will grant the petition and order Erick M. M.'s immediate release.

3

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Erick M. M.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. Erick M. M.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** immediately to release Erick M.M. from custody;

3. No later than 5 p.m. on January 26, 2026, the Government is **ORDERED** to file a status report certifying its compliance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 23, 2026　　　　　　　　*s/ Laura M. Provinzino*
Time: 3:02 p.m.　　　　　　　　　　　　Laura M. Provinzino
　　　　　　　　　　　　　　　　　　　United States District Judge